Denise **STUBBLEFIELD**,
Plaintiff—Appellant,

v.

**J. BASIL**, Defendant,

and

**North Las Vegas Detention Center;
City of North Las Vegas**,
Defendants—Appellees.

No. 01–15649.

D.C. No. CV–00–01305–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided March 20, 2002.

Before REINHARDT, FISHER, Circuit Judges, and MOLLOY,* District Judge.

## MEMORANDUM **

Plaintiff Denise Stubblefield brought this action pursuant to 42 U.S.C. § 1983, seeking damages based on her claim of wrongful arrest and imprisonment. The district court granted summary judgment for the defendants: the City of Las Vegas, the North Las Vegas Detention Center, and Correctional Officer J. Basil. Stubblefield timely appealed.[1]

In order to establish a prima facie case under § 1983, the plaintiff must first establish that she "possessed a constitutional right of which [s]he was deprived." *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992); *see also Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Regretfully, we agree with the district court that Stubblefield failed to do so.

Stubblefield argues that her wrongful arrest and imprisonment were a violation of her due process rights. However, although Stubblefield was not the "Denise Stubblefield" for whom the warrants were intended, she was arrested according to facially valid warrants. Her imprisonment of approximately four hours, although in error, was not unduly long so as to constitute a violation of her constitutional rights. *See Baker,* 443 U.S. at 144–47; *Erdman,* 926 F.2d at 882.

Stubblefield contends that defendant Basil deliberately continued her detainment by failing to immediately call the detective who could have likely confirmed that she was arrested in error. Although it is clear that Basil had sufficient information to create serious doubts as to the propriety of Stubblefield's arrest, his failure to call the detective in order to confirm that information during Stubblefield's brief detention of just over four hours does not rise to the level of a constitutional violation. *See Baker,* 443 U.S. at 144–47. Additionally, Stubblefield has failed to allege sufficient facts to present any genuine dispute over the validity of the warrant or its supporting affidavits.[2]

In sum, Stubblefield has failed to demonstrate that the wrongful arrest and imprisonment, however troublesome, constituted a violation of her due process rights. Therefore, we affirm the district court's grant of summary judgment for the defendants.

AFFIRMED.

---

* The Honorable Donald Molloy, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We review the district court's granting of summary judgment *de novo. Erdman v. Cochise County,* 926 F.2d 877, 881 (9th Cir. 1991).

2. Stubblefield also argues that the district court erred in refusing to provide her with an opportunity for discovery. In light of our holding above, she has failed to make any showing that there are essential facts that she is able to obtain only through discovery. *See State of California v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998); Fed. R. Civ. Proc. 56(f).